JOHN E. HESLAN vs. JOSEPH BERGERON.

Androscoggin.    Opinion December 3, 1900.

*Bills and Notes.    Payable at Bank.    Evidence.    R. S., c. 32, § 10.*

By the statutes of Maine (R. S., c. 32, § 10) it is provided that, in an action on a promissory note payable at a place certain, either on demand, or on demand at or after a time specified therein, the plaintiff shall not recover, unless he proves a demand made at the place of payment prior to the commencement of the suit.

In an action to recover upon promissory notes payable at a bank, but not on demand or on demand after date, it appeared that they were not presented at the bank before suit brought. *Held;* that it was not necessary to do so.

The maker of promissory notes is an incompetent witness, in an action by the indorsee against the maker, to prove their illegal inception, until notice of such illegality is brought home to the plaintiff.

ON EXCEPTIONS BY DEFENDANT.

Assumpsit by an indorsee against the maker of promissory notes.

The plaintiff claimed, and offered evidence tending to show, that the notes were indorsed and sold to him before maturity, for a valuable consideration, and without notice of any illegality in the contract. No evidence appeared in the case that the notes or any of them were ever presented at the First National Bank of Lewiston, for payment, the place specified thereon as the place of payment. The court, against the seasonable objection of the defendant ruled that presentation at said First National Bank for payment was not a condition precedent to recovery thereon.

The defendant, the maker of said notes, offered himself as a witness to prove that the consideration for the notes was the price of intoxicating liquors bought by the defendant of the payee in Boston, and intended for unlawful sale within the state of Maine. The presiding justice excluded his evidence upon this point. The defendant excepted to both of these rulings.

*D. J. McGillicuddy and F. A. Morey,* for plaintiff.

*M. L. Lizotte,* for defendant.

Counsel cited: Daniel, Negotiable Instruments, (4th ed.) § 1217: "The better opinion is, that negotiable instruments enjoy no immunity from the general doctrines of evidence, and that any party to a written contract, negotiable or otherwise, is competent to testify as to its invalidity."

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOG-LER, JJ.

STROUT, J. The notes in suit were payable at the First National Bank, in Lewiston. They were not presented at that bank before suit brought. It was not necessary to do so. If the maker was ready to pay them on presentation at the bank, that could be shown in defense. *Stowe.* v *Colburn*, 30 Maine, 32.

This action is by the indorsee against the maker. The ruling that the maker of the notes was an incompetent witness to prove their illegal inception, until notice of such illegality was brought home to the plaintiff, was correct. *Baxter* v. *Ellis*, 57 Maine, 178. The rule is different when the action is between the original parties to the note. *Smith* v. *McGlinchy*, 77 Maine, 153.

*Exceptions overruled.*